**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MONIQUE MCCALLA**, *Individually and On Behalf of All Others Similarly Situated*,<br><br>Plaintiff,<br><br>v.<br><br>**FIVE STAR HOSPITALITY, INC.** d/b/a **EXPLORE HOTEL AND HOSTEL**, **MOSHE D. PERLSTEIN**, and **WAASNEY "WAZ" JEAN-FRANCOIS**,<br><br>Defendants. | Civil Case No.:<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff, **Monique McCalla**, ("Plaintiff") individually and on behalf of all others similarly situated, by and through her attorneys, JTB LAW GROUP, LLC, alleges upon information and belief, Defendants' wage-and-hour violations and other unlawful labor practices, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action, individually and as a Collective Action on behalf of all others similarly situated, against **Five Star Hospitality, Inc. d/b/a Explore Hotel and Hostel**, **Moshe D. Perlstein** and **Waasney "Waz" Jean-Francois** (collectively "Defendants") to recover unpaid overtime compensation, liquidated damages, costs, and attorneys' fees for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and Title 29 of the Code of Federal Regulations ("CFR").

2. Plaintiff also brings this action individually against Defendants to recover unpaid overtime compensation, pre and post-judgment interest, costs, and attorneys' fees for violations of the New Jersey Wage and Hour Laws and Regulations ("NJWHLR") N.J.S.A. 34:11-56a *et seq.*

3. Specifically, Defendants engaged in the following unlawful policies and/or practices:

   a. Failure to record all the hours worked by their employees ("off the clock");

   b. Paying overtime hours at straight time rate; and

   c. Failure to pay employees at time and a half (1.5) their regular rate of pay for hours worked exceeding forty (40) in a work week.

4. As a result of such illegal pay policies and/or practices, non-exempt hourly employees of Defendants, including Plaintiff, were deprived of overtime premium to which they are entitled under 29 U.S.C. § 207 and N.J.S.A. 34:11-56a4.

5. Plaintiff asserts the FLSA claims not only individually, but also on behalf of a putative "FLSA Collective" defined as:

   *All hourly employees of Defendants who worked at any time from 3 years prior to the filing of this Complaint to the present*

6. Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all hourly employees of Defendants permitting them to assert FLSA claims in this Collective Action by filing their individual consent forms.

7. For at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed widespread violations of the above-described federal and state statutes and corresponding regulations, in the manner described herein.

8. Plaintiff, through the undersigned counsel, attempted to resolve her individual claims with Defendants prior to commencing this litigation.

9. Defendants, on April 7, 2017, through Defendant **Moshe D. Perlstein**, agreed to pay a certain amount for settling Plaintiff's individual claims but subsequently never responded to Plaintiff's counsel's attempts to communicate for the purposes of formalizing and executing a settlement agreement.

10. Accordingly, no settlement agreement was ever formalized or executed; Plaintiff did not receive any type of payment.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the FLSA, a federal statute. As to claims under the state law, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. §1367.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial portion of the events or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

13. Defendant **Five Star Hospitality, Inc. d/b/a Explore Hotel and Hostel** ("**Explore Hotel**") is a domestic for-profit corporation registered with the State of New Jersey.

14. **Explore Hotel** is actively doing business as hotels and hostels. *See* http://explorehotelandhostel.com/.

15. **Explore Hotel** has two (2) locations: 415 38th St, Union City, NJ 07087, and 33-53 Farrington St, Flushing, NY 11354.

16. **Explore Hotel** has an annual gross volume of business exceeding $500,000.00.

17. Defendant **Waasney "Waz" Jean-Francois** ("**Jean-Francois**") is the General Manager of **Explore Hotel**.

18. At all relevant times, Defendant **Jean-Francois** had the authority to hire and fire employees of **Explore Hotel** including Plaintiff; determined the wages and compensation of Plaintiff and other employees of **Explore Hotel**; established their work schedules; and/or maintained their employment records.

19. Defendant **Moshe D. Perlstein** ("**Perlstein**") is the Owner of **Explore Hotel**.

20. At all relevant times, Defendant **Perlstein** had the authority to hire and fire employees of **Explore Hotel** including Plaintiff; determined the wages and compensation of Plaintiff and other employees of **Explore Hotel**; established their work schedules; and/or maintained their employment records.

21. Plaintiff **Monique McCalla** is an adult resident of the State of New York.

22. Plaintiff was employed by Defendants as a non-exempt, hourly operations manager from approximately June 2016 through January 2017.

23. Plaintiff was paid at $11.00 per hour.

24. Plaintiff's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit A**.

## FACTUAL ALLEGATIONS

25. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

26. At all relevant times alleged herein, Defendants have jointly operated and controlled an enterprise engaged in commerce as defined under the FLSA.

27. At all relevant times alleged herein, Defendants have generated over $500,000.00 in revenue per year.

28. Defendants were jointly the "employer" of Plaintiff and members of the putative Collective members within the meaning of 29 U.S.C §203(d) and N.J.S.A. 34:11-56a1(g).

29. At all relevant times alleged herein, Defendants, directly or indirectly, hired Plaintiff and the putative Collective members; controlled their work schedules and conditions of employment; and determined the rate and method of the payment of wages.

30. At all relevant times alleged herein, as non-exempt hourly employees, Plaintiff and the putative Collective members performed job duties that do not fall within any exemptions from overtime under the FLSA and NJWHLR.

31. At all relevant times alleged herein, Plaintiff and the putative Collective members were regularly required by Defendants to work more than forty (40) hours in a workweek.

32. At all relevant times alleged herein, Defendants failed to pay Plaintiff and the putative Collective members overtime compensation at a rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per week, as required by 29 U.S.C. § 207.

33. At all relevant times alleged herein, Defendants failed to record employees' all hours worked in a workweek.

34. At all relevant times alleged herein, Defendants required employees to "bank" the overtime hours recorded in a certain workweek for using as "paid time off" during a later week which would be allegedly paid at straight time rate.

35. At all relevant times alleged herein, Defendants failed to pay employees at time and a half (1.5) their regular rate of pay for hours worked exceeding forty (40) in a workweek.

36. For instance, during the workweek of 10/3/2016 to 10/9/2016, Plaintiff worked around 97 hours including 57 hours of overtime. Plaintiff was paid at $11.00 per hour for forty (40) hours, with no pay for any overtime hours worked.

37. Plaintiff never had an opportunity to use any "banked" overtime hours as "paid time off."

38. Plaintiff never received her last pay check.

39. Plaintiff and the Collective members were subjected to the common pay policy and practice of Defendants as stated herein that violated the FLSA and NJWHLR.

40. At all relevant times alleged herein, Defendants maintained control, oversight, and direction over Plaintiff and the putative Collective members, including the promulgation and enforcement of policies affecting the payment of their wages including overtime rate and compensation.

41. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor or any administrative practice or enforcement policy of such a department or bureau.

42. Defendants' widespread violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

44. Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, for and on behalf herself and of all other similarly situated non-exempt hourly employees who have been affected by Defendants' common policy and practice of failing to pay proper overtime compensation, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and Title 29 of the Code of Federal Regulations ("CFR").

45. The proposed "FLSA Collective," is defined as:

> *All hourly employees of Defendants who worked at any time from 3 years prior to the filing of this Complaint to the present*

46. Plaintiff brings this Collective Action against Defendants to recover unpaid overtime compensation, liquidated damages, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

47. The Collective Action further alleges a willful violation of the FLSA and seeks an additional, third year of limitations.

48. Plaintiff seeks to send Notice to all similarly situated non-exempt hourly employees as provided by 29 U.S.C. § 216(b) and supporting case law.

49. Without a Collective Action, Defendants will likely retain the benefit of their wrongdoing and will continue a course of action which will result in further damages to the members of the Collective.

50. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the Collective and providing any monetary relief to it can be effectuated from a review of Defendants' records.

51. The lead Plaintiff has no interests antagonistic to the interests of the other members of the Collective. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in Collective Action litigation. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Collective.

**FIRST CLAIM FOR RELIEF**
(*Individual Claim for Unpaid Overtime under the FLSA*)

52. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

53. Defendants jointly employed Plaintiff as a non-exempt hourly employee.

54. Plaintiff was required by Defendants and regularly worked more than forty (40) hours per workweek.

55. Defendants failed to record all the hours worked by Plaintiff per workweek.

56. Defendants failed to pay Plaintiff overtime compensation at a rate of not less than one and one-half (1.5) times her regular rate of pay for hours worked in excess of forty (40) per workweek, in violation of the FLSA.

57. Defendants' uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

58. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

59. As a result of Defendants' uniform policies and practices described above, Plaintiff was illegally deprived overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## **SECOND CLAIM FOR RELIEF**
*(Collective Action Claim for Unpaid Overtime under the FLSA)*

60. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

61. Defendants jointly employed Plaintiff and the putative Collective members as non-exempt hourly employees.

62. Plaintiff and the putative Collective members were required by Defendants and regularly worked more than forty (40) hours per workweek.

63. Defendants failed to record all the hours worked by Plaintiff and the putative Collective members per workweek.

64. Defendants failed to pay Plaintiff and the putative Collective members overtime compensation at a rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per workweek, in violation of the FLSA.

65. Defendants' uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

66. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

67. As a result of Defendants' uniform policies and practices described above, Plaintiff and the putative Collective members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

### THIRD CLAIM FOR RELIEF
*(Individual Claim for Unpaid Overtime under the NJWHLR)*

68. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

69. Defendants jointly employed Plaintiff as a non-exempt hourly employee.

70. Plaintiff was required by Defendants and regularly worked more than forty (40) hours per workweek.

71. Defendants failed to record all the hours worked by Plaintiff per workweek.

72. Defendants failed to pay Plaintiff overtime compensation at a rate of not less than one and one-half (1.5) times her regular rate of pay for hours worked in excess of forty (40) per workweek, in violation of the NJWHLR.

73. Defendants' uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

74. As a result of Defendants' uniform policies and practices described above, Plaintiff was illegally deprived overtime compensation earned, in such amounts to be determined at trial, and

is entitled to recovery of such total unpaid amounts, pre and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to N.J.S.A. 34:11-56a25 and 12:56-1.5.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief against Defendants, and each of them, individually, jointly and severally:

(A) A declaratory judgment that Defendants' wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(B) A declaratory judgment that Defendants' wage practices alleged herein violate the overtime provisions of the New Jersey Wage and Hour Laws and Regulations ("NJWHLR") N.J.S.A. 34:11-56a *et seq.*;

(C) An Order for injunctive relief ordering Defendants to comply with the FLSA and NJWHLR and end all of the illegal wage practices alleged herein;

(D) An Order certifying this action as a Collective Action on behalf of the FLSA Collective, designating the lead Plaintiff **Monique McCalla** as Collective representative and the undersigned counsel as Collective Counsel;

(E) An order requiring Defendants to produce a list of names, mailing and e-mail addresses, contact numbers, and dates of employment of all members of the putative FLSA Collective;

(F) An order authorizing Plaintiff's counsel to notify members of the putative FLSA collective that they are authorized to join this matter by filing written consents pursuant to 29 U.S.C. § 216(b);

(G) An Order directing Defendants, at their own expense, to investigate and account for the number of overtime hours actually worked by Plaintiff and all putative Collective members;

(H) Judgment for damages for all unpaid overtime compensation to which Plaintiff and members of the Collective are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(I) Judgment for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime wages owed to Plaintiff and members of the Collective during the applicable statutory period;

(J) Judgment for damages for all unpaid overtime compensation to which Plaintiff is lawfully entitled under the NJWHLR, N.J.S.A. 34:11-56a *et seq.*;

(K) Incentive Awards for the lead Plaintiff;

(L) An order directing Defendants to pay Plaintiff and members of the Collective reasonable attorney's fees and all costs connected with this action pursuant to the Fair Labor Standard Act, 29 U.S.C. §201 *et seq.*;

(M) An Order directing Defendants to pay Plaintiff pre and post-judgment interest, reasonable attorney's fees and all costs connected with this action pursuant to the NJWHLR, N.J.S.A. 34:11-56a *et seq.*;

(N) Judgment for any and all civil penalties to which Plaintiff and members of the Collective may be entitled; and

(O) Such other and further relief as to this Court may deem necessary, just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all questions of fact raised by the Complaint.

Dated: June 16, 2017

Respectfully submitted,

**JTB LAW GROUP, LLC**

By: <u>s/ Jason T. Brown</u>
Jason T Brown (NJ Bar ID No. 35921996)
155 2nd Street, Suite 4
Jersey City, NJ 07302
Office: (201) 630-0000
Fax: (855) 582-5297

*Attorneys for Plaintiffs*